UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80585-CIV-MARRA

ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED,

Plaintiffs,

vs.

AXIS GLOBAL LOGISTICS d/b/a
AGS LOGISTICS, LLC, and
TRANSPORTATION SOLUTIONS, INC.
d/b/a TSI LOGISTICS, INC.

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Transportation Solutions, Inc.'s ("TSI") Motion to Dismiss Count pursuant to Rule 12(b)(2) (DE 14).  The Court has carefully considered the motions and is otherwise fully advised in the premises.

**I.  Background**

This matter involves an action for patent infringement of nine separate patents owned by Plaintiff Melvino Technologies Limited ("Melvino") and licensed by Plaintiff ArrivalStar S.A. ("ArrivalStar").  The Defendants in this matter are Axis Global Logistics ("Axis") and TSI.  In the underlying Complaint, Plaintiffs assert that the Court has personal jurisdiction over each Defendant pursuant to section 48.193, Florida Statutes, specifically in that each Defendant:

> (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was an/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or other benefits and therefore should

>reasonable anticipate being hailed into one or more of the courts within the State of Florida.

Complaint at ¶ 3.

Defendant TSI filed a Motion to Dismiss pursuant to Rule 12(b)(2).  DE 14.  Attached to that Motion, TSI include an affidavit of Luther M. Brown, President of TSI, in which he stated:

>4.  TSI does not have an office, agency, or employees in Florida.
>5.  TSI does not advertise or solicit business in Florida.
>6.  TSI representatives do not travel to Florida regularly for business.
>7.  TSI does not own assets or have accounts in Florida.
>8.  To my knowledge, the patents and technology involved in this matter have not been used by either TSI or its customers in Florida (or anywhere else).
>8.  TSI has never provided any serves in the Florida airports mentioned in paragraph 17 of Plaintiff's Complaint.
>9.  TSI has never registered to do business in Florida and never anticipated being sued there, since it conducts its business in Georgia.

DE 14-2 at 2.

In response to TSI's Motion to Dismiss, Plaintiffs introduced three separate exhibits:

>1.  An unauthenticated printout from TSI's website with the header "TSI Logistics Wards and Recognition."  That printout states that TSI was considered "Delta Airlines Transportation Logistics Supplier of the Year."  DE 17-1.
>2.  An unauthenticated printout from TSI's website with the header "Contact Us."  The specific printout displays "Florida" as one of the states the user of the website can declare that he/she is from.  DE 17-2.
>3.  An unauthenticated printout from Google that appears to be a search for "tsi logistics florida."  The first result returned on the printout is a short blurb from "www.simplyhired.com" which appears to advertise "2 jobs available" for "Tsi Logistics [ ] in Jacksonville, FL."  The link itself is not attached, only a printout of the Google search results.  DE 17-3.

In its Reply Brief, TSI attached two exhibits:

>1.  An unauthenticated printout from "quicktransportsolutions.com" in which a brief description is given about a "T S I LOGISTICS INC" located in Remeoville, IL 60466."  DE 21-1.
>2.   A second unauthenticated printout from "quicktransportsolutions.com" that appears to list driving positions available in Jacksonville, FL.  DE 21-2.

## II.  Legal Standard Relating to Personal Jurisdiction

The plaintiff's burden in alleging personal jurisdiction requires that the plaintiff establish a prima facie case of personal jurisdiction over a nonresident defendant.  A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.  The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits.  If by defendant's affidavits or other competent evidence, defendant sustains the burden of challenging plaintiff's allegations, the plaintiff must substantiate the jurisdictional allegations in the complaint by affidavits, testimony or documents.  However, where the evidence conflicts, the district court must construe all reasonable inferences in favor of the plaintiff.  See Future Tech. Today, Inc., v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000); Robinson, 74 F.3d 253, 255 (11th Cir. 1996) citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

In patent cases, Federal Circuit law is applied to questions of personal jurisdiction "because the jurisdictional issue is 'intimately involved with the substance of the patent laws.' " Autogenomics, Inc. v. Oxford Gene Technology, Ltd., 566 F.3d 1012, 1016 (Fed. Cir. 2009) (citing Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1328 (Fed. Cir. 2008)). "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." Id. at 1017 (citing Genetic Implant Sys., Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)).  If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether: (1) sufficient minimum contacts exist to satisfy

the Due Process Clause of the Fourteenth Amendment and that (2) maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989).  Only if both prongs of the Due Process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident defendant.  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir. 1996) citing Madara, 916 F.2d at 1514; International Shoe Co. v. Washington, 326 U.S. at 316.

Minimum contacts for specific jurisdiction involve three criteria:  First, the contacts must be related to the plaintiff's cause of action or have given rise to it.  Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws.  See Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 631 (11th Cir. 1996).  Finally, the defendant's contacts within the forum state must be such that it should reasonably anticipate being haled into court there.  Id.

For a court to exercise general jurisdiction in Florida, the contacts must be especially pervasive and substantial to satisfy section two of the Florida long-arm statute 48.193. General Cigar Holdings, Inc. v. Altadis S.A., 205 F. Supp. 2d 1335, 1343 (S.D. Fla. 2002); see Florida Statutes.§ 48.193(2).  The general jurisdiction provision of the statute states:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Id. General jurisdiction arises from a defendant's contacts with Florida that are not directly related to the cause of action being litigated and connexity between a defendant's activities and

the cause of action is not required.  Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000). The "substantial and not isolated activity" requirement of the long-arm statute has been recognized by Florida courts as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment Due Process Clause as discussed in Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 413-416 (1984); see Woods v. Nova Cos. Belize, Ltd., 739 So.2d 617, 620 (Fla. Dist. Ct. App. 1999); Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So.2d 716, 720 (Fla. Dist. Ct. App. 1998).  A finding that a defendant's activities satisfy section 48.193(2)'s requirements also necessitates a finding that minimum contacts exist.  See Universal Carribean Estab. v. Bard, 543 So.2d 447, 448 (Fla. Dist. Ct. App. 1989).  Therefore, the analysis of jurisdiction under section 48.193(2) and the Due Process clause merge.

### III.  Discussion

After carefully reviewing the Complaint, the briefs on the Motion to Dismiss, and the exhibits attached, the Court finds that personal jurisdiction cannot be exercised of TSI.  In their Complaint, Plaintiffs assert that "TSI still transacts business and has, at a minimum, offered to provide and/or has provided in this Judicial District and throughout the State of Florida services that infringe the claims of the . . . patents."  Complaint at ¶ 17.  Plaintiffs further assert that "TSI provides infringing services to a commercial airline company that transacts business within this Judicial District at the Miami, Ft. Lauderdale and Palm Beach Airports."  Complaint at ¶ 17.

Preliminarily, the Court notes that TSI has failed to include a single affidavit to support this Court exercising personal jurisdiction over TSI.  As discussed above, TSI set forth an affidavit which explicitly denies Plaintiffs' allegations with regard to TSI's involvement in

Florida. DE 14-2 at 2. Once TSI introduced this affidavit, the burden shifted to Plaintiffs to "prove **by affidavit** the basis upon which jurisdiction may be obtained." Platypus Wear, Inc. V. Clarke Modet & Co., Inc., 515 F. Supp. 2d 1288, 1292 (citing Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)) (emphasis supplied). Plaintiffs have failed to attach any affidavit in support of their position, and so on this basis alone dismissal is warranted.

Next, even if the Court were to look past Plaintiffs' failure to attach any affidavits in support of the Court exercising personal jurisdiction over TSI, none of the exhibits attached to Plaintiffs' Response are authenticated. Each of the exhibits attached to Plaintiffs' Response are unauthenticated printouts from unverified websites. The Court cannot rely upon these unauthenticated printouts. Because the only evidence submitted for this Court's consideration is the affidavit provided by TSI, Plaintiffs have failed to meet their burden of "establishing a prima facie case of jurisdiction over a non resident defendant." Id. (citing Delong v. Washington Mills, 840 F.2d 843, 845 (11th Cir. 1988)).

Finally, even if this Court were to accept the authenticity of the three exhibits attached to Plaintiffs' Response, Plaintiffs still not have met their burden. The first printout, which asserts that TSI received an award for "Delta Airlines Transportation Logistics Supplier of the Year," at best establishes that TSI worked for Delta sometime, somewhere, in some capacity. Nothing on that printout establishes that TSI's involvement with Delta involved the use of the patents in question, nor does it establish that TSI worked with Delta in Florida. Merely having a relationship with a multinational corporation that does business all over the world does not subject a defendant to personal jurisdiction anywhere that company happens to do business.

Next, the second printout, which alleges that Florida is one of the states in which

potential customers can contact TSI with regard to sales, is legally insufficient.  In Fraser v. Smith, 594 F.3d 842, 847 (11th Cir. 2010), the Eleventh Circuit held:

> [A]lthough we have not established a firm rule for personal jurisdiction in the Internet context . . . other courts have recognized that "the mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum." McBee v. Delica Co., 417 F.3d 107, 124 (1st Cir.2005); see also, e.g., Trintec Indus. v. Pedre Promotional Prods., 395 F.3d 1275, 1281 (Fed.Cir.2005).  "Though the maintenance of a website is, in a sense, a continuous presence everywhere in the world,"[defendants]' Internet contacts with Florida were "not in any way 'substantial.' "  Revell v. Lidov, 317 F.3d 467, 471 (5th Cir. 2002).

The operative question is thus whether TSI's internet contacts are "substantial."  Plaintiffs have not demonstrated that TSI's internet contacts with Florida are "substantial."  Accordingly, the Court does not afford any weight to Plaintiffs' second exhibit.

Finally, Plaintiffs' third printout is also unpersuasive.  Merely printing a result list from the internet, without more, carries no weight.  The Court cannot draw any meaningful conclusion from that document.

In sum, the Court concludes that Plaintiff has failed to establish any of the factual prerequisites for establishing personal jurisdiction over TSI.  Hence, Defendant TSI is dismissed for lack of personal jurisdiction.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant TSI's Motion to Dismiss pursuant to Rule 12(b)(2) is **GRANTED**.

2. Defendant TSI is **DISMISSED** from the case.

3. Counts III and IV of the Complaint, which relate only to Defendant TSI, are also

**DISMISSED**.

Nothing in this Order effects Plaintiffs' separate causes of action against Defendant Axis Global Logistics.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of February, 2012.

_____
KENNETH A. MARRA
United States District Judge